IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ROBERT R. SIMMONS, # B-83104,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 14-cv-479-JPG |
| ) | |
| **ILLINOIS DEPT. OF CORRECTIONS,** ) | |
| **MSU/MENARD CORR. CENTER,** ) | |
| **and WEXFORD HEALTH CARE,** ) | |
| ) | |
| **Defendants.** ) | |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff is currently incarcerated at Robinson Correctional Center ("Robinson"), where he is serving a five-year sentence for a drug offense. He has brought this *pro se* action to seek relief for alleged violations of his constitutional rights that occurred while he was confined at Menard Correctional Center ("Menard"). Plaintiff indicated on the cover page of his complaint that it is brought pursuant to the Federal Tort Claims Act,[1] 28 U.S.C. §§ 1346, 2671-2680 (Doc. 1, p. 1). However, because Plaintiff is a state prisoner, he clearly claims that his constitutional rights were infringed, and he names no federal entities in connection with his claims, the Court construes this case as a civil rights action brought pursuant to 42 U.S.C. § 1983.

Plaintiff claims that he is disabled due to a back injury he sustained in 1993 (Doc. 1, p. 5). He was housed in Menard starting in May 2013, and was assigned to the cell's top bunk. The bunk beds did not have a ladder, and Plaintiff's disability made it difficult and dangerous for him to climb in and out of the top bunk. Over a two week period, Plaintiff requested Menard's

---

[1] The FTCA provides jurisdiction for suits against the United States regarding torts committed by federal officials, not state officials. Therefore, Plaintiff's claims do not fall within the jurisdiction of the FTCA.

medical staff to issue him a lower bunk permit, but no permit was given (Doc. 1, pp. 5, 10. Then, while Plaintiff was trying to get down from the top bunk, he fell and injured his head, face, and neck.

Plaintiff seeks money damages, reconstructive surgery for his face, and an order requiring the installation of ladders to all bunk beds in Illinois correctional facilities.

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.

The complaint articulates two possible claims for relief:

**Count 1:** Eighth Amendment claim against unidentified Menard health care providers, for deliberate indifference to Plaintiff's serious medical need for a low bunk permit because of his disabling back condition;

**Count 2:** Statutory claim for refusal to provide Plaintiff with a low bunk medical permit or other reasonable accommodation for his back disability, in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132, and the Rehabilitation Act (RA), 29 U.S.C. § 794.

Both counts arise from the same factual allegations. However, Count 1 cannot proceed until Plaintiff identifies at least one of the individual health care providers who refused to issue the requested low bunk permit, so that service can be ordered and the individual Defendant(s) given an opportunity to respond. Therefore, Count 1 shall be dismissed without prejudice at this time, and Plaintiff shall be directed to amend his complaint as described below, if he wishes to pursue the claim in Count 1.

Count 2 may proceed, at least under the Rehabilitation Act, against Defendant Illinois

Department of Corrections.

**<u>Count 1 – Deliberate Indifference to Serious Medical Need</u>**

Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted).  In order to state a civil rights claim against a defendant, a plaintiff must describe what each named defendant did (or failed to do), that violated the plaintiff's constitutional rights.  To establish deliberate indifference to a serious medical need, a plaintiff must show that a prison official acted or failed to act despite his knowledge of a serious risk of harm.  *Farmer v. Brennan*, 511 U.S. 825, 842 (1994); *see also Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005).  Medical malpractice or negligence does not violate the Constitution. *See Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008).

In the instant complaint, Plaintiff names as Defendants the Illinois Department of Corrections, MSU/Menard Correctional Center, and Wexford Health Care.  However, the factual allegations do not support a constitutional claim for deliberate indifference against any of these entities.  Instead, it is clear that some unidentified individual health care provider(s) failed to provide Plaintiff with the low bunk permit that his condition arguably required.  The constitutional claim in Count 1 must proceed, if at all, only against the individual Menard health care staff member(s) who denied the permit, and Plaintiff must identify this person or persons by name.

Plaintiff cannot maintain a civil rights claim for damages against the Defendant Illinois Department of Corrections (IDOC), because it is a state government agency.  The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under

§ 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  *See also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment); *Hughes v. Joliet Corr. Ctr.*, 931 F.2d 425, 427 (7th Cir. 1991) (same).  Likewise, the Menard Correctional Center, which is a division of the Illinois Department of Corrections, is not a "person" within the meaning of the Civil Rights Act, and is not subject to a § 1983 suit.  *See Will*, 491 U.S. at 71.  The Court shall dismiss MSU/Menard Correctional Center from this action with prejudice.  The IDOC shall remain as a named Defendant at this time, however, because Plaintiff may pursue his Rehabilitation Act claim in Count 2 against this agency.

The complaint further fails to state a civil rights claim against Wexford Health Care.  A corporation may be liable for the deliberate indifference of its employees only if it had a policy or practice that caused the civil rights violation.  None of Plaintiff's allegations suggest that any individual defendant acted or failed to act as a result of an official policy espoused by Wexford.  *See Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004).  Therefore, Wexford Health Care shall be dismissed from the action without prejudice.

To summarize, because Plaintiff did not identify any individual Defendant who might have been deliberately indifferent to his medical condition, Count 1 fails to state a claim upon which relief may be granted.  Count 1 shall therefore be dismissed without prejudice.  If Plaintiff wishes to pursue the deliberate indifference claim in Count 1, he must submit an amended complaint which identifies by name at least one of the Menard health care providers who denied the low bunk permit.

**Count 2 – Americans with Disabilities Act (ADA) and Rehabilitation Act (RA)**

Although Plaintiff did not mention the ADA or the RA in his complaint, he states that he suffers from the continuing effects of a disabling back injury.  His description of his back condition suggests that it meets the ADA's definition of a disability in that it "substantially limits one or more major life activities."  42 U.S.C. § 12102(1)(A).  Title II of the ADA prohibits public entities from denying qualified individuals with disabilities the opportunity to participate in the services, programs, or activities of the public entity because of their disabilities, and prohibits discrimination against disabled individuals by a public entity.  42 U.S.C. § 12132.  The Seventh Circuit has cautioned that claims of discrimination on account of a disability, especially those from *pro se* prisoner litigants, should be analyzed by the district court in light of both the ADA and the RA, whether or not the plaintiff has asserted a claim under the latter statute.  *Norfleet v. Walker*, 684 F.3d 688, 690 (7th Cir. 2012); *Jaros v. Illinois Dept. of Corrections*, 684 F.3d 667, 672-73 (7th Cir. 2012).

The Supreme Court has held that Title II of the ADA applies to prisons.  *See Pennsylvania Dept. of Corrections v. Yeskey*, 524 U.S. 206 (1998).  An inmate may sue state officials in their official capacity for prospective injunctive relief under Title II.  *Brueggeman ex rel. Brueggeman v. Blagojevich*, 324 F.3d 906, 912 (7th Cir. 2003).  Plaintiff's request that the IDOC be required to provide ladders on bunk beds falls within this category, however, it is too early in the action to determine whether such relief is warranted.  Further, Plaintiff was no longer housed at Menard at the time he brought this action, and by now he may be housed under conditions that accommodate his disability-related needs.

Plaintiff also seeks damages, which may be available to him under the ADA if he should prevail on the deliberate indifference claim in Count 1.  The Supreme Court in *U.S. v. Georgia*,

546 U.S. 151 (2006), recognized that an inmate may bring a private cause of action for damages under Title II of the ADA, *if* the state actor's conduct also violates the Eighth Amendment. The *Georgia* court held, "[I]nsofar as Title II creates a private cause of action for damages against the States for conduct that *actually* violates the Fourteenth Amendment, Title II validly abrogates state sovereign immunity." 546 U.S. at 159; *see also Toeller v. Wisconsin Dept. of Corr.*, 461 F.3d 871, 874 (7th Cir. 2006). The *Georgia* court observed:

> [I]t is quite plausible that the alleged deliberate refusal of prison officials to accommodate [Plaintiff]'s disability-related needs in such fundamentals as mobility, hygiene, medical care, and virtually all other prison programs constituted "exclu[sion] from participation in or ... deni[al of] the benefits of" the prison's "services, programs, or activities." (citing 42 U.S.C. § 12132).

*Georgia*, 546 U.S. 151, 158.

Thus, a prisoner may pursue a damages claim under Title II of the ADA, in addition to a claim for injunctive relief, if the claim also represents an independent constitutional violation. Here, Plaintiff's factual allegations appear to support an Eighth Amendment claim for deliberate indifference against the individual medical provider(s) who denied him the low bunk permit. However, as noted in the discussion of Count 1, the deliberate indifference claim cannot go forward unless Plaintiff identifies the individual(s) who Plaintiff told about his medical need for the permit, yet failed to act. If Plaintiff is unable to maintain his constitutional claim in Count 1, he may be precluded from pursuing damages in Count 2 for a violation of the ADA.[2]

However, the potential for relief under the RA is coextensive with the available relief under the ADA, and an RA claim may be maintained without regard to whether the allegations

---

[2] The Supreme Court has instructed lower courts to determine, claim by claim, whether Congress' purported abrogation of sovereign immunity is valid when the challenged conduct violates the ADA but not the Constitution. *United States v. Georgia*, 546 U.S. 151, 159 (2006); *see also Jaros*, 684 F.3d at 672 (sidestepping the "thorny question" of whether sovereign immunity would bar an ADA damages claim in the absence of a constitutional violation, as this determination was unnecessary where Plaintiff could pursue his RA claim).

also state a constitutional claim. *Jaros v. Illinois Dept. of Corrections*, 684 F.3d 667, 671-72 (7th Cir. 2012). The *Jaros* court construed the prison's failure to provide accommodations to allow the disabled plaintiff to access meals and showers as a denial of access to a "program or activity" which stated a claim under the Rehabilitation Act. If meals and showers are considered a "program or activity" which must be accessible to disabled inmates under the RA, then the basic need for an adequately accessible bed may also be viewed as such. Accordingly, Plaintiff's claim that he was denied reasonable accommodation in violation of the Rehabilitation Act may proceed against Defendant Illinois Department of Corrections.

If Plaintiff submits an amended complaint that states a constitutional claim for deliberate indifference in Count 1, the claim in Count 2 may also be considered under the Americans with Disabilities Act.

**Pending Motion**

Plaintiff's motion for leave to proceed *in forma pauperis* (IFP) (Doc. 2) shall be addressed in a separate order. It will be necessary for Plaintiff to submit a complete statement of his inmate trust fund account activity during the six months prior to the date this action was filed.

**Disposition**

COUNT 1 is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. Defendant **MSU/MENARD CORRECTIONAL CENTER** is **DISMISSED** from this action with prejudice. Defendant **WEXFORD HEALTH CARE** is **DISMISSED** from this action without prejudice.

**IT IS FURTHER ORDERED** that, should Plaintiff wish to proceed on his § 1983 claim in **COUNT 1** for deliberate indifference to his medical need for a low bunk permit, Plaintiff shall file an amended complaint (to be labeled "First Amended Complaint"), within 35 days of the

entry of this order (on or before **June 27, 2014**).  If the amended complaint still fails to state a claim as to Count 1, or if Plaintiff does not submit an amended complaint, the dismissal of Count 1 shall become a dismissal with prejudice.  The amended complaint shall be subject to review pursuant to § 1915A.

The First Amended Complaint must identify by name at least one of the individual medical provider(s) directly and personally responsible for the alleged deprivations in **Count 1**, and should state any facts which may exist to support a deliberate indifference claim against the Defendant(s).  An amended complaint supersedes and replaces the original complaint, rendering the original complaint void.  *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004).  The Court will not accept piecemeal amendments to the original complaint.  Thus, the First Amended Complaint must stand on its own, and in addition to Count 1, must also contain the factual allegations supporting Count 2, which shall receive further review as determined above.  Plaintiff must also re-file any exhibits he wishes the Court to consider along with the First Amended Complaint.  Failure to file an amended complaint shall result in the dismissal of Count 1 becoming a dismissal with prejudice.  Review of the Rehabilitation Act claim in Count 2 shall proceed whether or not Plaintiff submits an amended complaint.

The Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form, in order to assist him in preparing an amended complaint.

The Clerk of Court shall prepare for Defendant **ILLINOIS DEPARTMENT OF CORRECTIONS**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to the Director of IDOC, S.A. Godinez, 1301 Concordia Court, P.O. Box. 19277, Springfield, IL 62794.  If the defendant

fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the defendant, and the Court will require the defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the plaintiff shall serve upon the defendant (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on the defendants or counsel. If the plaintiff is incarcerated in a correctional facility that participates in the Electronic Filing Program, service may be made in accordance with General Order 2014-1 describing service under that program. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

The defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Philip M. Frazier** for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to **United States Magistrate Judge Frazier** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding any grant of his application to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: May 23, 2014**

> *s/J. Phil Gilbert*
> United States District Judge